**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3241-22

IN THE MATTER OF M.M.,
Claimant/Victim.

_____

Submitted December 3, 2024 – Decided January 8, 2025

Before Judges Smith and Vanek.

On appeal from the Victims of Crime Compensation Review Board, VCCO No. 113819.

M.M., appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Olga E. Bradford, Deputy Attorney General, on the brief).

PER CURIAM

Claimant M.M. appeals from a final determination of the New Jersey Victims of Crime Compensation Review Board (Board) denying her compensation. On appeal, M.M. argues that the Board was arbitrary and capricious when it rejected her claim. We affirm.

The salient facts derive from the motion record. On June 27, 2019, M.M. witnessed Transportation Security Administration (TSA) agents at Newark International Airport directing some passengers through an infrared machine and others through a metal detector during the security screening process. When she asked an agent to explain any criteria used by TSA to direct passengers to the appropriate screening machine, she learned that individuals with larger breasts were being directed to the infrared machine based on concerns that they could be hiding contraband. M.M. contends that the agent then pointed at her chest and laughed.

On October 3, 2021, M.M. filed a claim with the Victims of Crime Compensation Office (VCCO) seeking compensation for relocation expenses[1] related to the incident with the TSA agent. In her claim, M.M. alleged that the TSA agent's words and conduct constituted actionable harassment. On October 7, 2021, the VCCO denied M.M.'s claim based on its determination that "no compensable crime occurred pursuant to N.J.S.A. 52:4B-11."

---

[1] Relocation expenses are described on the VCCO claim application form as follows: "The VCCO may consider relocation expenses where there is a need to protect the health and safety of the victim and/or his/her/their family. The Office may consider expenses such as the security deposit payable directly to the landlord, temporary shelter, moving services, monthly rental and mortgage cost differential, first month's rent if relocation occurred within one year of filing the application and/or personal expense items deemed reasonable and necessary."

M.M. appealed the VCCO's decision to the Board, arguing that "the actions of TSA included lewd, indecent, and/or obscene acts referenced in N.J.S.A. 52:4B-11."

After a hearing, the Board affirmed the VCCO's decision. It found that, under N.J.S.A. 52:4B-11, the incident did not consist of a lewd, indecent or obscene act and did not rise to a compensable crime. Based on these findings, the Board adopted the VCCO's decision denying compensation as final.

M.M. appeals the Board's final decision.

"Judicial review of quasi-judicial agency determinations is limited." Parsells v. Bd. of Educ., 254 N.J. 152, 162 (2023) (citing Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). "We review agency decisions under an arbitrary and capricious standard." Ibid. (citing Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019)); see also Puntasecca v. Violent Crimes Comp. Bd., 214 N.J. Super. 368, 371–72 (App. Div. 1986) ("a determination by the Violent Crimes Compensation Board which has correctly applied the applicable law will not be reversed unless arbitrary, capricious, or unreasonable"). However, we review matters of statutory interpretation de novo. Savage v. Twp. of Neptune, 257 N.J. 204, 215 (2024).

M.M. argues that the Board's final decision should be reversed because she was the victim of an "offense" enumerated in the Criminal Injuries Compensation Act of 1971[2] (CICA). We are not persuaded.

Under CICA, a victim may seek compensation for financial losses caused by statutory offenses. N.J.S.A. 52:4B-10 (citing N.J.S.A. 52:4B-11). If the VCCO rejects the application, the claimant may appeal the VCCO's decision to the Board. N.J.S.A. 52:4B-3.2(c)(1). If a claimant does not present a criminal conviction to the Board,[3] the Board "must make [its] own determination of criminality . . . and resulting injury, supported by a preponderance of credible evidence." Puntasecca, 214 N.J. Super. at 372–73 (citing In re Saferstein, 160 N.J. Super. 393, 397 (App. Div. 1978)). Claimants have "the burden of proof . . . of all the elements entitling [them] to be compensated, [and] that burden is met by a preponderance of the credible evidence . . . ." In re Saferstein, 160 N.J. Super. at 397.

M.M. failed to meet her burden to show anyone committed an enumerated offense under N.J.S.A. 52:4B-11. She claimed the TSA agent's conduct

---

[2] N.J.S.A. 52:4B-1 to -33.

[3] "If any person has been convicted of any offense with respect to an act or omission on which a claim under [CICA] is based, proof of that conviction shall be taken as conclusive evidence that the offense has been committed, unless an appeal or any proceeding with regard thereto is pending." N.J.S.A. 52:4B-7(f).

constituted harassment and a "lewd, indecent, and/or obscene act." The Board rejected this argument, finding the TSA agent's words and actions did not rise to the level of an enumerated offense. We conclude that the Board was not arbitrary and capricious, and its final decision was supported by the record.[4]

M.M.'s remaining arguments lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We do not condone the TSA agent's conduct, assuming M.M.'s allegations are true. We simply conclude, as did the Board, that such conduct is not an enumerated offense under N.J.S.A. 52:4B-11 and is therefore not compensable.